UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

RAFAEL "RAFA" VERGARA
HERMOSILLA,

                Plaintiff,

v.

THE COCA-COLA COMPANY, a Delaware
Corporation,

                Defendant.

Case No. 10-21418-CIV-
MOORE/SIMONTON

## AGREED PROTECTIVE ORDER

      The Parties subject to this Agreed Protective Order, Rafael "Rafa" Vergara Hermosilla

and The Coca-Cola Company (collectively, the "Parties") believe that discovery in this lawsuit

may involve confidential or sensitive business information.  The Parties have therefore agreed

that certain documents will only be produced pursuant to the terms of this Protective Order.  For

good cause shown, it is hereby ORDERED that:

      This Protective Order is entered into by the Parties through their outside "counsel",

Holland & Knight LLP ("counsel for Defendant") and Kaplan Zeena LLP ("counsel for

Plaintiff").

      1.      All information, documents, data, and testimony exchanged by the Parties in the

course of this lawsuit are to be used solely for purposes of this litigation and for no other

purposes whatsoever.

      2.      Each Party may designate and clearly mark those documents, testimony, or other

information furnished or disclosed to another Party or its counsel during discovery or trial of this

lawsuit as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" under the terms set forth in this Order. A Party may designate a document or testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" after it has been produced, and such information or testimony will thereafter be treated in accordance with this Protective Order as though it had been appropriately labeled when produced. All documents so designated will be subject to this Protective Order unless otherwise stipulated by the Parties or ordered by the Court.

3.    A designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" will mean that the Party believes in good faith that the testimony or document contains information that satisfies the corresponding definitions set forth at paragraphs 4, 5, and 6, below.

4.    A Producing Party may designate material as CONFIDENTIAL in whole or in part provided that the designated portion does not include any information that (a) is or has become publicly available without the Receiving Party's breach of any obligation owed to the disclosing party or non-party; (b) is or has become known to the Receiving Party from a source other than the disclosing party or non-party (other than by the breach of an obligation of confidentiality owed to the disclosing party or non-party); or (c) has been independently developed by the Receiving Party.

5.    A Producing Party may designate material as "HIGHLY CONFIDENTIAL" only if such material constitutes or contains, in whole or in part, information which relates to future business plans or relates to business, financial or commercial information that is not publicly available and provides a commercial advantage to its possessor.

2

6.      A Producing Party may designate material as "ATTORNEYS' EYES ONLY" only if such material constitutes or contains, in whole or in part, sensitive business, financial or commercial information, the disclosure of which the Producing Party reasonably believes will harm its competitive position if it becomes known to a party other than the Producing Party.

7.      *Document  Designations.*      Documents    and    exhibits    designated    as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" shall be designated by stamping each designated page.

8.      *Deposition designations.*    Information disclosed during depositions in this litigation   may   be   designated   on   the   record   as   "CONFIDENTIAL,"   "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY".  Within fifteen (15) days of receipt of the transcript, counsel shall designate any additional specific pages and lines of the transcript or video   recording   of   the   deposition   which   contains   "CONFIDENTIAL,"   "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" information.  Nothing in this Protective Order shall be construed to prohibit any party or, if appropriate, expert witness or third party witness from attending any deposition in this case.  In the event that a third party witness, other than an expert witness, is present at a deposition, counsel may request that such person(s) be excused from the deposition solely for the portion of the testimony that such counsel will designate as "ATTORNEYS' EYES ONLY."

9.      *Restrictions on Use and Disclosure.*  None of the confidential documents or testimony produced during discovery shall be disclosed to any person or persons, other than those persons identified as Authorized Persons as defined in Paragraphs 10, 11 and 12 below. Such information may be used by such Authorized Persons only for purposes of this litigation and for no other purposes whatsoever.  Nothing in this order, however, shall prevent disclosure

3

beyond the terms of this Order if the Party designating the information consents in writing prior to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure. Nothing in this Order shall be construed as a restriction on the use or disclosure of information by the Party who supplied the information.

10.     *Authorized Persons - Confidential information.*   Except as agreed to by the designating Party (or its counsel) or as otherwise provided by this Order, access to "CONFIDENTIAL" information shall be restricted to the following persons:

(a)     The Court, counsel representing either Party, including staff employed by Parties' counsel;

(b)     Commercial photocopying firms or litigation support firms retained by counsel or a party in order to assist in the prosecution or defense of this matter. Access to confidential material shall be limited to that which the photocopying or litigation support firms reasonably require in their roles;

(c)     Expert witnesses retained by the Parties in connection with this litigation, including the expert's staff. Such persons must agree in writing to be bound by the terms of this order;

(d)     Parties, witnesses, and employees of a Party who have a need to see the information for purposes of this litigation. Such persons must agree in writing to be bound by the terms of this order; and

(e)     Any other person who is subsequently designated either by agreement by all Parties or by order of the Court.

4

11.   *Authorized Persons – Highly Confidential Information.*  Except as agreed to by the designating Party (or its counsel) or as otherwise provided by this Order, access to "HIGHLY CONFIDENTIAL" information shall be restricted to the following persons;

(a)   The Court, outside counsel representing either Party, including as necessary, staff employed by the Parties' outside counsel;

(b)   Litigation counsel employed directly by the parties and representing the parties in the Action;

(c)   Expert witnesses retained by the Parties in connection with this litigation, including as necessary the expert's staff so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A; and

(d)   Any other person who is subsequently designated either by agreement of all the Parties or by order of the Court.

12.   *Authorized Persons - Attorneys' Eyes Only Information.*  Except as agreed to by the designating Party (or its counsel) or as otherwise provided by this Order, access to "ATTORNEYS' EYES ONLY" information shall be restricted to the following person;

(a)   The Court, outside counsel representing either Party, including as necessary, such outside counsel's staff;

(b)   Litigation counsel employed directly by the parties and representing the parties in the Action;

(c)   Expert witnesses retained by the Parties in connection with this litigation, including as necessary the expert's staff so long as they sign a statement agreeing to abide by the terms of this Order, in the form set forth in Exhibit A; and

(d)     Any other person who is subsequently designated either by agreement of all the Parties or by order of the Court.

Each   person   described   above   to   whom   "CONFIDENTIAL,"   "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" information or testimony is delivered shall maintain the confidentiality of the document and/or information.

13.     *Notification of Subpoenas.* In the event that any person who receives documents or   testimony   designated   as   "CONFIDENTIAL,"   "HIGHLY   CONFIDENTIAL,"   or "ATTORNEYS' EYES ONLY" subsequently receives any subpoena or other compulsory request for the designated documents or testimony, that person shall immediately notify all other Parties in order to permit them the opportunity to intervene and prohibit the disclosure of the information.

14.     *Filing Under Seal.* All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents which quote or attach a copy of information designated by a Party under this Protective Order as "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall if filed with the Court, be filed under seal in accordance with the terms of this Protective Order and the procedures set forth by the Southern District of Florida.

15.     *Challenges to Designations.* Each Party expressly retains the right to challenge the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" designation of any documents or testimony by an appropriate motion.  Prior to filing such a motion, the Party seeking to challenge the designation will attempt to resolve the issue through informal discussions with the designating Party. The information or document shall be treated in accordance with its designation unless otherwise ordered.

6

16.     *No Admission Implied.* The designations contained in this Order are intended solely to facilitate discovery and/or trial of this litigation; such designations shall not be construed in any way as an admission by either Party that such information constitutes or contains confidential or proprietary information as a matter of law.

17.     *Use at Trial.* Nothing in this Protective Order shall be construed as a limitation on the use or disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" information at any trial or hearing in this lawsuit. However, the Parties agree to make reasonable efforts to restrict access to such materials, which are utilized in proceedings, to the extent reasonably possible.

18.     *Conclusion of Suit.* At the conclusion of this litigation, all documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" shall be either:

(a)     delivered by the receiving Party to counsel for the producing Party, at the cost of the producing Party; or

(b)     destroyed, and counsel for the receiving Party shall certify in writing to the producing Party that all such documents have been destroyed.  Nothing in this paragraph shall be construed to require the Parties to destroy any documents or take any other action contrary to file retention provisions of the Rules Regulating the Florida Bar and/or other applicable authority.

19.     *Survival.* The terms and conditions of this Protective Order shall remain in full force and effect and shall survive the final resolution of this litigation and the *Rafael Vergara Hermosilla v. Octoscope Music, LLC* Action, Case No. 1:10-cv-21990-FAM, binding on all Parties unless the Protective Order is terminated or modified in writing by the Parties or by Order of the Court.

7

20.     Inadvertent production of any discovery material which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Discovery Material"), will not be deemed to have waived any privilege. A Party may request the return of any Inadvertently Produced Privileged Discovery Material. A request for the return of Inadvertently Produced Privileged Discovery Material shall identify the discovery material inadvertently produced and the basis for withholding such discovery material from production. If a Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Discovery     Material then in the custody of another Party, such discovery material (and all copies thereof) promptly shall be returned to the requesting Party. The Party returning such discovery material may then move the Court for an order compelling production of the material, but said Party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

21.     If either Party finds that any of the terms of this Order impedes its ability to prepare or present its case, or is otherwise objectionable, that Party may seek appropriate modification of the Order from the Court.

22.     This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence.

The Court reserves the right to modify the terms of this Order.

**DONE AND ORDERED** in Miami-Dade County, Florida this 15th day of November, 2010.

*Andrea M. Simonton*

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

cc:     All counsel of record

8

**AGREED**:

THE COCA-COLA COMPANY

By: _____

Gordon P. Katz, Esq. (Admitted *Pro Hac Vice*)
Brian A. Briz, Esq.
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

*Counsel for Defendant*

RAFAEL "RAFA" VERGARA HERMOSILLA

By: _____

James M. Kaplan, Esq.
William Zeena, Jr., Esq.
Michael C. Foster, Esq.
Adam K. Hodges, Esq.
KAPLAN ZEENA LLP
2 South Biscayne Blvd.
One Biscayne Tower
Suite 3050
Miami, FL 33131
Tel: (305) 530-0800
Fax: (305) 530-0801

*Counsel for Plaintiff*

9

## PROTECTIVE ORDER EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Agreed Protective Order that was issued by the United States District Court for the Southern District of Florida on _____ in the matter of *Rafael "Rafa" Vergara Hermosilla v. The Coca-Cola Company*, Case No. 10-21418-CIV-MOORE/SIMONTON.  I understand the responsibilities and obligations the Agreed Protective Order imposes on me regarding Confidential, Highly Confidential or Attorneys' Eyes Only information I obtain in this action.  I agree to comply with and to be bound by all the terms of this Agreed Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Agreed Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

A-1