EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

RAFAEL "RAFA" VERGARA
HERMOSILLA,

                Plaintiff,

v.

THE COCA-COLA COMPANY, a Delaware
Corporation,

                Defendant.

Case No. 10-21418-CIV-
MOORE/SIMONTON

## DECLARATION OF JOSÉ PUIG

I, José Puig, declare as follows:

1.    I am the General Manager of Universal Music Mexico. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to them.

2.    In November 2009, I was the Vice-President of Marketing for Universal Music Latin America. At that time I worked and resided in Miami. In the first quarter of 2010, I became General Manager of Universal Music Mexico. I relocated at that time to Mexico City, where I currently reside.

3.    In November 2009, Universal was engaged by The Coca-Cola Company ("Coca-Cola") to assist in the production of the Spanish language version of a recording called "Wavin' Flag (Coca-Cola Celebration Mix)" (the "Celebration Mix Recording") to be used in connection with the upcoming 2010 FIFA World Cup Soccer Games to be played in South Africa in June 2010 (the "engagement"). Rafael Vergara was recommended to me as a possible producer for the Spanish language version (the "Spanish Celebration Mix Recording"). Prior to contacting

Mr. Vergara, I considered a number of potential people to perform the services he ultimately performed in connection with the Spanish Celebration Mix Recording.

4.    On November 17, 2009, I spoke to Mr. Vergara on the telephone regarding the proposed assignment for Coca-Cola. During that call, I understood that Mr. Vergara agreed that all of his services in connection with the Spanish Celebration Mix Recording would be performed as a work for hire. At no time during that conversation did Mr. Vergara condition any use of his contributions to the Spanish Celebration Mix Recording on his ability to obtain a copyright interest. Had Mr. Vergara told me at that time that he intended to condition the use of his work on obtaining a copyright interest, I would have retained a different person to perform the services in connection with the Spanish Celebration Mix Recording ultimately performed by Mr. Vergara. Mr. Vergara's work was completed in December 2009.

5.    On March 4, 2010, after the marketing campaign on radio, television and internet using the Spanish Celebration Mix Recording had already started, I learned for the first time that Mr. Vergara had threatened to try to stop the use of the Spanish Celebration Mix Recording if he did not receive a copyright or other financial interest in the musical composition embodied in that recording (the "Spanish Celebration Mix Musical Composition"). As neither Universal Music Mexico nor any of its affiliates owned the copyright in the Spanish Celebration Mix Musical Composition, we could not grant Mr. Vergara any such interest. It was not our property interest to grant. I immediately called Mr. Vergara and spoke to him about the situation. During that call we discussed the initial conversation in November 2009 and what was agreed during that conversation. I told Mr. Vergara that if he was a man of honor he should stick to what was agreed during that initial conversation.

2

6.    Following our phone call, I received an email from Mr. Vergara later on March 4, 2010. A true and correct copy of this email (in Spanish) and a certified English translation of this email are collectively attached hereto as Exhibit 1.

7.    Upon receipt of and in reliance on Mr. Vergara's March 4 email, Universal Music Mexico executed a written agreement with Coca-Cola. A true and correct copy of this agreement (in Spanish) and a certified English translation of this agreement are collectively attached hereto as Exhibit 2.

8.    I also directed that written agreements be prepared to more formally memorialize our agreement with Mr. Vergara. These draft agreements were sent to Mr. Vergara on approximately March 5, 2010. True and correct copies of these agreements are attached hereto as Exhibits 3 and 4.

9.    On March 8, 2010, Mr. Vergara sent me an email informing me that the draft agreements I had sent to him differed in certain respects from our agreement as memorialized in his March 4 email. I immediately responded that I had not reviewed the agreements before forwarding them to him, and that I would cause the appropriate revisions to be made to conform them to the terms of our agreement. A true and correct copy of my March 8 email to Mr. Vergara (in Spanish) and a certified English translation of this email are collectively attached hereto as Exhibit 5.

10.    In spite of the clearly unintentional omissions in the draft agreements, Vergara, in fact, had already received the agreed-upon credit by the time of our email exchanges in early March. Indeed, K'naan's album *Troubadour*, which included the Spanish Celebration Mix Recording, was first released in Mexico on or about February 25, 2010. The credits for the Spanish Celebration Mix Recording on that release include the following: "David Bisbal's

3

vocals & voice arrangements were mixed and spanish lyrics adapted by Rafael Vergara." A true and correct copy of the relevant page from the liner notes for the *Troubadour* album is attached hereto as Exhibit 6. I had already sent this credit information to the record label's production department back in December 2009, shortly after Vergara completed his adaptation project. A true and correct copy of my communications in this regard to the production team is attached hereto as Exhibit 7. Thus, any suggestion that Universal Music Mexico or Coca-Cola harbored any desire or intent to somehow deprive Vergara of any credit for the work he performed is entirely incorrect.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at ___Mexico___ on December 15, 2010.

_____
José Puig

PUIG EXHIBIT 1

Para : "Puig, Jose" <Jose.Puig@umusic.com>
Subject: RE: RV: FW: Adaptacion Waving flag !!!
Date: March 5, 2010 6:12:05 PM EST
To: Rafael Vergara <rafavar@mac.com>, "Artero, Rafael" <Rafael.Artero@umusic.com>

Rafa, sabemos desde el principio de tu buena voluntad y sobre todo sabemos el esfuerzo que tuviste que hacer con el poco tiempo que te dimos para trabajar.

Cuenta con los creditos en el track.

Ahora te reenvio el contrato.



Abrazo
Jose

------Mensaje original------
De: Rafael Vergara [mailto:rafavar@mac.com]
Enviado el: Jueves, 04 de Marzo de 2010 05:15 p.m.
Para: Puig, Jose; Artero, Rafael
Asunto: Re: RV: FW: Adaptacion Waving flag !!!

Hola Jose,

en relacion a nuestras conversaciones pasadas y la de hoy, quiero reafirmarme y reafirmarlos los terminos hablados.

En primer lugar como sabeis, mi trabajo para con Universal Publishing es un trabajo creativo y en esto se basan mis servicios.

Cuando me propusisteis la adaptacion del tema Wavin flag siempre se dejo una puerta abierta a solicitar un % por la adaptacion, a los autores originales;
De hubiera sabido que no existia tal posibilidad desde el principio, nunca me hubiera planteado realizar dicha adaptacion, ademas quiero que quede claro que la adaptacion nada tenia que ver con el trabajo que luego realice como productor.

Aun asi, en estas semanas hemos intentado comunicarnos con los autores originales, pero nadie ha querido reconocer nuestra adaptacion y la version unica resultante de esta.

Es una lastima que los autores originales (siendo creativos) no reconozcan mi aportacion en la version oficial de Waving Flag Spanish Celebration, ademas de injusto e ilegal. Debe ser que es la primera vez que hacen algo importante, porque nunca nos habia pasado esto en ninguna otra adaptacion.

Pero como soy un hombre de palabra y honor, que no se mueve por motivos economicos, mi unica exigencia va a ser que se respeten mis creditos como productor y adaptador del tema en español, (que siempre que aparezca el nombre de cualquier compositor de esta version, aparezca mi nombre como adaptador),
Y por supuesto los creditos de produccion que estan detallados en la factura enviada por esta produccion, los cuales te detallo abajo.

Por la adaptacion, pueden realizar un Work for Hire sin ninguna compensacion economica al respecto. Creo que lo legal es un dolar.

Espero que esto deje claro cual fue mi trabajo y mis buenas intenciones desde el principio.

Un abrazo.

Rafa.

P.D: Creditos de Produccion: Waving Flag Coca Cola Spanish Celebration

DEFENDANT'S
EXHIBIT

Plaintiff-70

Background Vocals - Rafa Vergara and Vicky Echeverri
Mixing - Rafa Vergara
Mastering - Rafa Vergara

On Mar 4, 2010, at 4:05 PM, Puig, Jose wrote:

Rafa, podemos hablar. En nuestra conversacion no entendi esto. Todo
lo contrario,
Dime cuando te puedo llamar. Mi telefono por si acaso +521 5539776925

Jose

Plaintiff-71

For: : "Puig, Jose" <Jose.Puig@unagela.com>
Subject: RE: RV: FW: Adaptacion Waving flag !!!
Date: : March 5, 2010 8:12:05 PM EST
To: : Rafael Vergara <rafver@mac.com>, "Artero, Rafael" <Rafael.Artero@unagela.com>

Rafa, we are aware of your goodwill from the beginning, and most of all, we are aware of how hard you had to
work given the little time we gave you.
You can count on the credits on the track.
I am resending you the contract.

Regards,
Jose

Original message
From: Rafael Vergara (mailto:rafver@mac.com)
Sent on: Thursday, March 04, 2010, 05:15 p.m.
To: Puig Jose; Artero, Rafael
Subject: Re: RV: FW: Adaptation Waving Flag !!!

Hi Jose,

Regarding our previous conversations and today's, I would like to confirm the terms discussed for both of us.

In the first place, as you know, my job with Universal Publishing is a creative work, and that is the basis of my
services.

When you asked me to adapt the theme Waving Flag, we always left an open door to request a percentage from
the original authors for the adaptation. Had I known that there was no such possibility from the beginning, I would
never had undertaken this adaptation job. Also, I want to ratify that the adaptation had nothing to do with the
work I did later on as producer.

Even so, these past weeks we have tried to reach the original authors, but no one has been willing to acknowledge
our adaptation and the resulting unique version.

Regrettably, the original authors, being creative as they are, won't acknowledge my contribution to the official
version of Waving Flag Spanish Celebration. This is unfair and illegal. It must be that this is the first time they
produce something important, because we had never faced something like this with any other adaptation.

But, since I am a man of my word and an honorable person not driven by financial motives, my only demand will
be that my credits as producer and adapter of the theme in Spanish are respected (that is, any time that the name
of any author of this version appears, my name as adapter should also appear), and, of course, the production
credits indicated in the invoice covering this production, whose breakdown you will see below.

As for the adaptation, you may do a Work for Hire with no monetary compensation. I think that the legal amount
is one dollar.
I hope this clarifies what my job was and my goodwill from the beginning.

Regards,
Rafa
P.S. Production credits: Waving Flag Coca Cola Spanish Celebration

PLAINTIFF-70

Background Vocals - Rafa Vergara and Vicky Echeverri
Acting - Rafa Vergara
Mastering - Rafa Vergara

On Mar 4, 2010, at 4:08 PM, Pal8, Jose wrote:

Rafa, Can we talk? From our conversation I reached the opposite conclusion. Tell me when I can call you. Just in case, my phone number is +5215539775925.

Jose

Plaintiff-71

"Puig, Jose" <Jose.Puig@umusic.com>
RV: DOCUMENTS RAFA VERGARA
March 5, 2010 7:09:43 PM EST
"rafa@rafavergara.com" <rafa@rafavergara.com>
8 Attachments, 113 KB

Rafa,
Here are the contracts.
Regards,
Jose

INVOICE

No. 031-2009

UR

Sincerely,

RAFA VERGARA
UR MUSIC

Plaintiff-72

**The Cakov Group**
Language Solutions, Inc.

2600 Douglas Road, Suite 1103, Coral Gables, Florida 33134
Tel: 305.854.8181          Fax: 305.854.8122
info@cakovlanguagesolutions.com
www.cakovlanguagesolutions.com

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

CERTIFICATION

This is to certify that the following is, to the best of our knowledge and belief, a true and accurate translation into English of the referenced Spanish language document:

~With Bates Number(s): Plaintiff-70, Plaintiff-71 and Plaintiff-72

Before me, the undersigned Authority, personally appears Mr. Steve Cakov who is personally known to me / is identified with the following:

~ Florida Driver's License # C210-780-47-125-1

Steve Cakov
President

Sworn and subscribed before me this 08th day of November 2010.

Notary Public State of Florida at Large

My commission expires:

May 28 , 2013

Translation          Interpretation          On-Site Tutoring          Transcription          All Languages

PUIG EXHIBIT 2

(Translation)

AGREEMENT MADE BY AND BETWEEN THE COCA-COLA EXPORT CORPORATION, MEXICO BRANCH, REPRESENTED BY MR. ARTURO ALVARADO HERNÁNDEZ ("COCA-COLA"), AND UNIVERSAL MUSIC MEXICO, S.A. DE C.V., REPRESENTED BY MR. LUIS AGUILAR PIMENTEL ("UNIVERSAL"), PURSUANT TO THE FOLLOWING REPRESENTATIONS AND CLAUSES:

## REPRESENTATIONS

I.   UNIVERSAL represents as follows through its legal representative:

1.   That UNIVERSAL was incorporated pursuant to Public Deed Nº 43,158, executed on June 1st, 1963, before Mr. Rogelio R. Pacheco, Notary Public Nº 18 in and for the Federal District, which was recorded in the Federal District Register of Deeds under entry number 125, page 154, Book Third, Volume 560.

2.   That UNIVERSA is duly recorded with the Ministry of the Treasury and Public Credit Federal Taxpayer Register under number UMM990224LBA.

3.   That the legal representative's authority has been neither revoked nor otherwise modified, as established with Public Deed Nº 75,724, dated June 5, 2006, executed before Mr. Alfonso González Alonso, Notary Public Nº 31, acting as deputy for Mr. Miguel Alessio Robles, Notary Public Nº 19 in and for the Federal District, which is duly recorded in the Federal District Register of Deeds.

COCA-COLA.  UNIVERSAL MUSIC MEXICO.  AGREEMENT/R/V

EXHIBIT

TCCC-I-0000

2

4.  That UNIVERSAL is legally qualified to execute this Agreement and any agreements and/or covenants related to this Agreement and has exclusive rights to any performances and voice recordings by David Bisbal (the "ARTIST").

5.  That UNIVERSAL is legally qualified to enter into contracts and/or agreements to use the ARTIST's likeness and artistic name.

6.  That UNIVERSAL represents its affiliates Octospone LLC and A&M Octone Records for all legal purposes involving this Agreement.

7.  That UNIVERSAL's purpose includes the production of phonorecords.

8.  That it wishes to take out a license to use any phonorecord and/or audiovisual work involving the ARTIST.

II.  COCA-COLA represents as follows through its legal representative:

1.  That it is a branch duly authorized to do business in Mexico as per Public Deed N° 22,211, dated May 15, 1950, executed before Mr. Enrique del Valle, who at the time was Notary Public N° 21 in and for the Federal District.

2.  That Mr. Arturo Alvarado Hernández, legal representative, has the required authority to execute this Agreement, as established with Public Deed N° 15,741, dated July 9, 2008, executed before Mr. Fernando Dávila Rebollar, Notary Public N° 235 in and for the Federal District, and that his

COCA-COLA.  UNIVERSAL MUSIC MEXICO.  AGREEMENT/R/V                    TCCC-I-0009

3

authority has been neither revoked nor otherwise modified as of the execution date hereof.

3. That it is domiciled at Rubén Darío Nº 115, Colonia Bosque de Chapultepec, C.P. 11580, México Distrito Federal, which is its address for all pertinent legal purposes.

4. That it wishes to outsource the production, mixing and mastering of the audio and/or audiovisual work of the "Wavin' Flag" phonorecord and/or videogram performed in Spanish by the ARTIST.

III. Both PARTIES represent as follows:

1. That they acknowledge each other's qualifications and that they enter into this Agreement subject to no duress and agree to abide by the Agreement Clauses.

2. That they have entered into a Contract for the Use of [the Artist's] Likeness in Advertising [*Contrato de Uso de Imagen para Publicidad*] dated December 6, 2006 (the "Likeness Agreement").

## CLAUSES

FIRST.  PURPOSE.  The parties agree as follows:

I.   Audio and Video Master Production.   Coca-Cola entrusts UNIVERSAL with the production of the Waving' Flag phonorecord and videogram performed in Spanish by the ARTIST.

For such purposes, UNIVERSAL will produce the Spanish derivative work from the English version in order to have the original audio.

COCA-COLA.  UNIVERSAL MUSIC MEXICO.  AGREEMENT/R/V

TCCC-I-0010

4

b) Assignment. Coca-Cola, as proprietor and producer of the phonorecord and audiovisual work (the videogram), authorizes UNIVERSAL and/or any of UNIVERSAL's affiliates and/or subsidiaries to use and exploit the phonorecord and videogram which are the subject matter of this Agreement throughout the life of the copyright, pursuant to Article 134 of the Federal Copyrights Act, in order for UNIVERSAL to fix the ARTIST's duo performance with K'NAAN, for inclusion in any phonorecords and/or audiovisual works and/or videograms in any mode and/or distribution channel known now or in the future, in all distribution channels, including digital media. UNIVERSAL declares that it has the publishing and/or mechanical rights to the song performed by K'NAAN and therefore shall hold COCA-COLA and/or any COCA-COLA-related company, such as but not limited to The Coca-Cola Company and/or any subsidiary in the world, free and safe from liability. The parties expressly agree that the use license granted by COCA-COLA involves the Spanish version performed by the ARTIST and not by K'NAAN.

c) ARTIST's Live Shows. The ARTIST may include his performance of Wavin' Flag in his live shows, including but not limited to concerts, during and after the Agreement term.

II. UNIVERSAL grants COCA-COLA an exclusive license to:

a) Fix the ARTIST's voice, namely, to record the ARTIST's voice in the Waving' Flag phonorecord; therefore,

COCA-COLA. UNIVERSAL MUSIC MEXICO. AGREEMENT/R/V                    TCCC-I-0011

5

UNIVERSAL agrees that the ARTIST shall perform the song in a duo with K'NAAN for recording as provided hereunder;

b)      Participate in the Audiovisual Work, i.e., UNIVERSAL agrees that the ARTIST participate in the taping of the videogram for the phonorecord mentioned in the preceding paragraph, on the dates agreed upon by both parties;

c)      Use the ARTIST's Likeness, namely, to use the ARTIST's likeness and artistic name in the advertising campaign for the purposes of this Agreement and only throughout the Agreement term.

d)      Synchronize the Song, i.e., COCA-COLA, as holder of the copyrights to the arrangement of the Spanish version of Wavin' Flag and to the master of the phonorecord of the duo performance by David Bisbal and K'Naan, may use such song in such advertising campaign for its brands as COCA-COLA may deem advisable, as well as for any other product bearing any present or future brand owned by, licensed to or distributed by The Coca-Cola Company or its affiliates.

SECOND.   TITLE TO THE MUSICAL WORK.   UNIVERSAL hereby assigns and transfers [to COCA-COLA] title to the musical work in Spanish of Wavin' Flag, produced Mr. Rafael Vergara, who in turn assigned the copyrights to such musical arrangement to UNIVERSAL; therefore, COCA-COLA holds the copyrights to the Spanish version of the song fixed in the phonorecord and to the Spanish phonorecord, to be freely used, by way of illustration and not by

6

way of limitation, in advertising campaigns in mass media, such as radio, television, Internet, intranet, closed television and audio circuits and any product bearing any of The Coca-Cola Company brands, FIFA World Cup products, The Coca-Cola Company's sponsorship of the FIFA World Cup, including the distribution of CD's or DVD's as promotional products, as well as any use in any electronic media known now or in the future, including by downloads or in streaming format on any Internet page or sites owned by COCA-COLA or any third party selected or appointed by COCA-COLA, using the instrumental version of the song, as well as by distribution of the song via e-mail and/or mobile technology, and the use of the material by means of promotional downloads, by users, of the full lyrics of the recording and/or the video in any web site or web page owned by COCA-COLA or any other third party, free of charge or as a promotion with any purchase of any product bearing The Coca-Cola Company-owned brands. COCA-COLA may also distribute the material as ring tones, Internet downloads or any other infrared digital electronic format through any available wireless technology, such as but not limited to mobile telephony, Bluetooth and any other technology existing now or in the future, provided that they are produced, published and supplied by UNIVERSAL.

COCA-COLA may also use the material with any live audience in any event sponsored or promoted by COCA-COLA, whether the tickets for such event are distributed for free or sold. The

COCA-COLA.  UNIVERSAL MUSIC MEXICO.  AGREEMENT/R/V                    TCCC-I-0018

7

song may also be used in theaters and in live shows.   COCA-COLA
may even use the song as a waiting tone in the telephone lines at
COCA-COLA's offices.

The use to which this Clause refers involves all of the
rights granted by law anywhere in the universe.   The material
which is the subject matter of this Agreement may be used in
COCA-COLA's corporate museum, retail outlets owned or licensed by
The Coca-Cola Company and in COCA-COLA's facilities anywhere in
the world and in COCA-COLA's collection files.

UNIVERSAL acknowledges that it adapted the song to
Spanish in order to obtain the derivative work and shall hold
COCA-COLA free and safe from any songwriter's complaint.

COCA-COLA   will   grant   UNIVERSAL   and/or   any   of
UNIVERSAL's affiliates and/or subsidiaries a license to use and
exploit the phonorecord which is the subject matter of this
Agreement throughout the life of the copyright, pursuant to
Article 134 of the Federal Copyrights Act, in order for UNIVERSAL
to fix the ARTIST's duo performance of the song with K'NAAN, for
inclusion in the phonorecords and/or audiovisual works and/or
videograms in any mode and/or distribution channel known now or
in the future, in all distribution channels, including digital
media.

THIRD.   ROYALTY PAYMENT.   UNIVERSAL will pay royalties
to the ARTIST and songwriter for the use and exploitation of the

TCCC-I-0014

COCA-COLA.   UNIVERSAL MUSIC MEXICO.   AGREEMENT/R/V

8

phonorecord and/or videogram included in the albums of each of its exclusive artists and/or for digital distribution.

COCA-COLA shall pay royalties, if proper, to the songwriter and/or ARTIST for the right to use and/or exploit the song granted hereunder.

FOURTH. TERRITORY. COCA-COLA may freely exploit the phonorecord as agreed hereunder without limitation throughout the whole universe.

FIFTH. UNIVERSAL'S OBLIGATIONS. UNIVERSAL shall:

a) Report to COCA-COLA any limitation existing in the contract previously executed with the ARTIST, in order for COCA-COLA not to breach any previous agreement by and between UNIVERSAL and the ARTIST. Should UNIVERSAL fail to report any limitation to COCA-COLA within no more than ten days following the execution date of this Agreement, no limitation shall be deemed to exist and therefore UNIVERSAL shall hold COCA-COLA free and safe from any claim by the ARTIST in this respect.

b) Produce, mix, master and adapt to Spanish the audio recording of the phonorecord and produce the audiovisual for the videogram, on the understanding that COCA-COLA shall pay for all of the production costs.

SIXTH. SYNCHRONIZATION MEDIA. COCA-COLA may use such phonorecord in the following media:

- Radio, in 20- and 30-second spots;
- Television, in 20- and 30-second spots;

COCA-COLA. UNIVERSAL MUSIC MEXICO. AGREEMENT/R/V

TCCC-I-0015

9

- Internet.

Both parties may use the phonorecord in Realtone, Ringtone, Mastertone, Ring Back Tones and/or any other digital media that can be transmitted via Bluetooth, infrared or any other wireless technology or via Internet, including cell phones, provided that they are produced, mastered and supplied by UNIVERSAL.

SEVENTH. FEES. COCA-COLA will pay UNIVERSAL the following fees:

a) For the territory of the license to use the ARTIST's likeness, name and voice in the universe, including Mexico, US$430,000 plus Value Added Tax. COCA-COLA paid this amount to UNIVERSAL in December 2009.

b) For synchronization in the rest of the World, except Mexico, US$270,000 plus Value Added Tax.

c) Remix. For producing, mixing and mastering the phonorecord in Spanish plus the phonorecord remix, US$15,000.

EIGHTH. MISCELLANEOUS. This Agreement renders without effects the Likeness Agreement dated December 6, 2009.

NINTH. TAXES. COCA-COLA and UNIVERSAL shall each pay all of the taxes, charges, duties, royalties, withholdings and any other amount payable by them for the execution and delivery of this Agreement.

TENTH. LAWS AND JURISDICTION. In order to settle any dispute arising in connection with the construction and/or

COCA-COLA. UNIVERSAL MUSIC MEXICO. AGREEMENT/R/V                    TCCC-I-0016

10

default of this Agreement the parties submit to the laws of the Federal District and to the jurisdiction of the competent courts of Mexico City, Federal District, and expressly waive the jurisdiction of any other courts to which they may be subject due to their present or future domiciles.

Being aware of the content and legal scope of this Agreement, the parties sign it in four counterparts in the City of Mexico, Federal District, on March 4, 2010, each party retaining two counterparts.

COCA-COLA

The Coca-Cola Export Corporation, Mexico Branch

By:

(An illegible signature)
Arturo Alvarado Hernández
Legal Representative

(An illegible signature)
Jesús Alejandro Ferreira

Witness

UNIVERSAL

Universal Music México, S.A. de C.V.

By:

(An illegible signature)
Víctor González Caballeros
President --Mexico and Central America

(An illegible signature)
Luis Aguilar Pimentel

Legal Representative

(An illegible signature)
Adrián Peregrino León
Director --New Business

(An illegible signature)
Jose Puig
General Manager UNIVERSAL

(An illegible signature)
Ivonne Guerra Jasso
Legal

CONTRATO QUE CELEBRAN, POR UNA PARTE, **THE COCA-COLA EXPORT CORPORATION SUCURSAL MÉXICO**, REPRESENTADA EN ESTE ACTO POR EL SEÑOR LIC. ARTURO ALVARADO HERNÁNDEZ (EN LO SUCESIVO "COCA-COLA") Y POR LA OTRA, **UNIVERSAL MUSIC MÉXICO, S.A. DE C.V.** REPRESENTADA EN ESTE ACTO POR EL SEÑOR LUIS AGUILAR PIMENTEL; (EN LO SUCESIVO "UNIVERSAL") DE ACUERDO CON LAS SIGUIENTES DECLARACIONES Y CLÁUSULAS:

## DECLARACIONES

I.- Declara "UNIVERSAL", a través de su representante legal:

1. Que su representada se constituyó mediante Escritura Pública No. 43, 158, otorgada con fecha 1 de junio de 1963 ante el Notario Público Licenciado Rogelio R. Pacheco, encargado de la Notaria 18 de la Ciudad de México, Distrito Federal, inscrita en el Registro Público de la Propiedad del Distrito Federal bajo el libro Tercero, volumen 560, a fojas 154 y bajo el número 125.

2. Que está debidamente inscrita en el Registro Federal de Contribuyentes de la Secretaría de Hacienda y Crédito Público, bajo el número UMM990224L8A.

3. Que la personalidad con la que se ostenta no le ha sido revocada, ni en forma alguna modificada, según lo acredita con la Escritura Pública No. 75724 de fecha 5 de junio del 2006, otorgada ante la fe del Notario Público No. 31, Lic. Alfonso González Alonso, actuando como suplente en el protocolo de la Notaria 19, de la que es titular el Lic. Miguel Alessio Robles de la Ciudad de México, Distrito Federal, la cual se encuentra inscrita en el Registro Público de la Propiedad y del Comercio de ésta Ciudad.

4. Que su representada se encuentra legalmente capacitada para la celebración del presente Contrato y de todos los convenios y/o acuerdos que de él se derivan y que cuenta con los derechos de exclusividad sobre interpretaciones artísticas y de difusión de voz del artista conocido como David Bisbal; en lo sucesivo, "EL ARTISTA".

5. Que su representada se encuentra legalmente facultada para celebrar contratos y/o convenios sobre el uso de la imagen y nombre artístico de "EL ARTISTA".

6. Que tiene la representación de su filial Octospone LLC y A&M Octone Records para los fines legales a que haya lugar respecto del presente acuerdo.

7. Que dentro de su objeto social es el de Productora de Fonogramas.

Página 1 de 8

Confidential

TCCC00009954

8. Que es su deseo obtener una licencia de uso sobre los derechos del fonograma y/o de la obra audiovisual en donde interviene "EL ARTISTA".

II.- Declara "COCA-COLA", a través de su representante legal:

1. Ser una sucursal debidamente autorizada para operar en la República Mexicana, según consta en la Escritura Pública No. 22,211, de fecha 15 de mayo de 1950, otorgada ante la fe del entonces Notario Público No. 21, en la Ciudad de México, D.F., Lic. Enrique del Valle.

2. Que su representante legal, Señor Arturo Alvarado Hernández, cuenta con las facultades necesarias para celebrar el presente contrato, como se acredita con la Escritura Pública No. 15,741 de fecha 9 de julio de 2008, otorgada ante la fe del Notario Público No. 235 del Distrito Federal, Señor Lic. Fernando Dávila Reboliar, y que el mismo no le ha sido revocado o modificado a la fecha de celebración del presente contrato.

3. Que tiene como domicilio el ubicado en: Rubén Darío No. 115, Col. Bosque de Chapultepec, C.P. 11580, México, Distrito Federal, mismo que se señala para todos los efectos legales conducentes.

4. Que es su deseo encargar la producción, mezcla y masterización del audio y/o de la obra audiovisual del fonograma y/o videograma intitulado "Wavin' Flag" versión en castellano interpretado por el artista conocido como **David Bisbal;** en lo sucesivo, "EL ARTISTA".

III.- Declaran LAS PARTES:

1. Que se reconocen la personalidad con la que se ostentan, así como la comparecencia a este contrato sin vicio alguno en su consentimiento, por lo que está de acuerdo en someterse a las siguientes.

2. Que tienen celebrado un Contrato de Uso de Imagen para Publicidad de fecha 6 de diciembre de 2006; en lo sucesivo, "Contrato de Imagen".

### CLÁUSULAS

**PRIMERA.- OBJETO.** En base a lo pactado en el presente contrato, las partes acuerdan lo siguiente:

**I. Producción de Master Audio y Video.** "COCA COLA" encarga a "Universal" la producción del fonograma y del videograma de la obra intitulada **"Wavin' Flag"** versión en castellano interpretado por el ARTISTA David Bisbal.

Página 2 de 8

Confidential

TCCC00009955

Para los efectos arriba mencionados, "Universal" realizará la obra derivada al castellano de la versión en inglés a fin de obtener el audio original.

b) **Cesión.** "Coca Cola" en su carácter de propietario y productor del fonograma y de la obra audiovisual (videograma), por la presente autoriza a "Universal" y/o a cualquiera de sus filiales y/o subsidiarias el uso y explotación del fonograma y del videograma materia de este contrato durante la vida del derecho tal y como consta en el artículo 134 de la Ley Federal del Derecho de Autor a fin de que "UNIVERSAL" pueda fijar la interpretación de "EL ARTISTA" a dueto con el intérprete K'NAAN para su inclusión en los fonogramas y/u obras audiovisuales y/o videogramas en cualquier modalidad y/o canal de distribución conocido o por conocerse en todos los canales de distribución incluyendo medios digitales, "UNIVERSAL" manifiesta contar con los derechos editoriales y/o fonomecánicos de la obra interpretada por K'NAAN, por lo que se compromete a sacar en paz y a salvo a "COCA-COLA" y/o a cualquier empresa relacionada con "COCA-COLA" que en forma enunciativa mas no limitativa, incluye a The Coca-Cola Company y/o cualquier subsidiaria en el mundo.  Queda expresamente acordado entre las partes, que la autorización de uso otorgada por "COCA-COLA" es en función de la versión en español que interpreta "EL ARTISTA" y no por el intérprete K'NAAN.

c) **Presentaciones de EL ARTISTA.** "EL ARTISTA" podrá incluir en sus presentaciones personales las interpretaciones del tema "Wavin' Flag" de manera enunciativa más no limitativa en conciertos, durante o después del término de vigencia del contrato.

II. "Universal" confiere a favor de "COCA-COLA" una licencia exclusiva para:

a) **Fijación de Voz.** Fijar la voz de "EL ARTISTA" en el fonograma titulado: **"Wavin' Flag"**; en tal virtud, "UNIVERSAL" se compromete a que el "EL ARTISTA" interpretará el tema a dueto con el intérprete K'NAAN para su grabación en los términos del presente contrato;

b) **Participación en Obra Audiovisual.** "UNIVERSAL" se obliga a que "EL ARTISTA" participe en la grabación del videograma del fonograma mencionado en el inciso que antecede en las fechas acordadas por ambas partes, y

c) **Uso de Imagen.** Hacer uso de la imagen de "EL ARTISTA" así como de su nombre artístico en la campaña de medios publicitarios para los fines de este acuerdo y únicamente durante la vigencia de este contrato.

d) **Sincronización.** "Coca-Cola" en su calidad de titular de los derechos patrimoniales del arreglo en castellano de la obra "Wavin Flag", así como del máster del fonograma interpretado a dueto entre David Bisbal y K'Naan, podrá llevar a cabo la sincronización de dicha obra en las campañas de sus marcas que considere convenientes, así como cualquier otro producto que ostente cualquier

Página 3 de 8

Confidential

marca presente o futura de la que The Coca-Cola Company o sus empresas filiales o afiladas, sean titulares, licenciatarias o distribuidoras.

**SEGUNDA.- TITULARIDAD DE LA OBRA MUSICAL.** "UNIVERSAL" en este acto cede y transfiere la titularidad sobre la obra musical derivada en castellano intitulada "Wavin' Flag" producida por el señor **Rafael Vergara**, quien a su vez cedió los derechos de dicho arreglo musical a "UNIVERSAL", y; por lo tanto, "COCA-COLA" es titular de los derechos patrimoniales derivados de la obra en castellano fijada en el fonograma y; en consecuencia, del fonograma en castellano para ser usada libremente de manera enunciativa más no limitativa en: campañas publicitarias en medios masivos de comunicación incluyendo radio, televisión, Internet, intranet, circuitos cerrados de televisión y audio y cualquier producto que ostente cualquiera de las marcas de The Coca-Dola Company, productos de la Copa Mundial FIFA, el patrocinio de la Copa del Mundo FIFA por parte de The Coca-Cola Company, incluyendo la distribución de CD's o DVD's como productos promocionales, así como cualquier uso en medios electrónicos conocidos o por conocerse, incluyendo las descargas o en formato streaming en cualquier página o sitios de Internet propiedad de "COCA-COLA" o de cualquier tercero seleccionado o designado por "COCA-COLA", utilizando el contenido de la obra en forma instrumental, así como su distribución vía correo electrónico y/o tecnología móvil, así como el uso del material a través de descargas promocionales incluyendo 100% del texto de la grabación y/o el video de cualquier sitio o página de "COCA-COLA" o de cualquier otro tercero en forma gratuita por los usuarios o en forma promocional con la compra de algún producto que ostente las marcas de The Coca-Cola Company.  Asimismo, "COCA-COLA" podrá usar el material para distribuirlo a través de ring tones, descargas vía Internet o en cualquier otro formato electrónico digital infrarrojo a través de cualquier tecnología inalámbrica disponible, incluyendo sin limitación telefonía móvil, bluetooth, y cualquier otra que exista o llegare a existir, siempre y cuando sean producidos, editados y suministrados por "UNIVERSAL".

Asimismo "COCA-COLA" podrá utilizar el material a cualquier audiencia en vivo en relación con cualquier evento patrocinado o promovido por "COCA-COLA", ya sea con boletaje gratuito o con boletaje cobrado. Asimismo, podrá utilizarse en teatro y cualquier exhibición pública.  "COCA-COLA" podrá, inclusive, utilizar la obra materia del presente contrato como tono de espera en las líneas telefónicas de las oficinas de "COCA-COLA".

El uso al que se refiere esta cláusula será por todo el derecho que la ley otorga en cualquier lugar del universo y podrá usar el material objeto de este contrato en el museo corporativo de "COCA-COLA" en tiendas al menudeo que sean propiedad de o licenciadas por The Coca-Cola Company, así como en el mundo de "COCA-

Página 4 de 8

TCCC00009957

COLA" en las instalaciones de "COCA-COLA" en cualquier parte del mundo, así como en los archivos de colección de "COCA-COLA".

"UNIVERSAL" reconoce que realizó dicha adaptación al castellano a fin de obtener la obra derivada y se obliga a sacar en paz y a salvo a "COCA COLA" de cualquier reclamación de índole autoral.

Al mismo tiempo, las partes acuerdan que "COCA COLA" otorgará a "UNIVERSAL" y/o a cualquiera de sus filiales y/o subsidiarias una licencia para el uso y explotación del fonograma materia de este contrato durante la vida del derecho tal y como consta en el artículo 134 de la Ley Federal del Derecho de Autor a fin de que "UNIVERSAL" pueda fijar las interpretación de "EL ARTISTA" y del intérprete K'NAAN para su inclusión en los fonogramas y/u obras audiovisuales y/o videogramas en cualquier modalidad y/o canal de distribución conocido o por conocerse en todos los canales de distribución incluyendo medios digitales.

**TERCERA.- PAGO DE REGALÍAS.** Las partes acuerdan que "UNIVERSAL" se hará cargo del pago de regalías artísticas y autorales que por el uso y explotación del fonograma y/o videograma que sea incluido en los álbums de cada uno de sus artistas exclusivos y/o vía distribución digital.

"COCA COLA" se hará responsable del pago de regalías autorales y/o de intérprete que se generen por el uso y/o explotación conferidos mediante el presente contrato en caso de que se generara alguno.

**CUARTA.- TERRITORIO.** Ambas partes reconocen que "COCA-COLA" podrá explotar libremente el fonograma conforme a lo pactado bajo el presente contrato sin limitación alguna en todo el universo.

**QUINTA.- OBLIGACIONES DE UNIVERSAL.** "UNIVERSAL" se compromete a lo siguiente:

a)    A informar a "COCA-COLA" de cualquier limitación que exista en el contrato previamente celebrado con "EL ARTISTA", con objeto de que "COCA-COLA" no pueda violar cualquier acuerdo previamente existente entre "UNIVERSAL" y "EL ARTISTA". En caso de que "UNIVERSAL" no proporcione a "COCA-COLA" lo anterior en un plazo que no exceda de diez días contados a partir de la firma del contrato, se entenderá que no existe limitación alguna; por lo que "UNIVERSAL" se compromete a sacar en paz y a salvo a "COCA-COLA" en caso de que exista alguna reclamación del artista por este concepto.

Página 5 de 8

Confidential

TCCC00009958

b)    A la producción, mezcla, masterización y adaptación al castellano de la grabación del audio del fonograma y la producción audiovisual del videograma; en el entendido de que "COCA-COLA" pagará las cantidades que se deriven de dichas producciones en su totalidad.

**SEXTA.- MEDIOS SINCRONIZACIÓN.** Las partes acuerdan que "COCA-COLA" podrá utilizar el fonograma mencionado en los siguientes medios y modalidades:

- Radio en spots de 20´ y 30´ segundos de duración;
- Televisión en spots de 20´ y 30´ segundos de duración;
- Internet.

El fonograma en su modalidad de Realtone, Ringtone, Mastertone, Ring Back Tones y/o cualquier otro medio digital que pueda transmitirse vía Bluetooth, infrarojo o cualquier otra vía de tecnología inalámbrica o vía Internet incluyendo telefónica celular, podrán ser explotados por ambas partes siempre y cuando sean producidos, masterizados y suministrados por "Universal".

**SÉPTIMA.- CONTRAPRESTACIÓN.** "COCA COLA" pagará como contraprestación de las siguientes cantidades:

a)    **Territorio por la licencia de imagen, nombre y voz del artista en el mundo incluyendo México** "COCA COLA" pagará a "UNIVERSAL" la cantidad de **USD$430,000.00 (Cuatrocientos Treinta Mil Dólares 00/100 Moneda de Curso Legal en los Estados Unidos de América)** más el correspondiente Impuesto al Valor Agregado.

La cantidad arriba referida fue pagada por "Coca Cola" a "Universal" en el mes de diciembre de 2009.

b)    **Sincronización resto del Mundo.** Por la licencia de sincronización en el Mundo con excepción de México "COCA COLA" pagará a "UNIVERSAL" la cantidad de **USD$270,00.00 (Doscientos Setenta Mil Dólares 00/100 Moneda de Curso Legal en los Estados Unidos de América)** más el correspondiente Impuesto al Valor Agregado.

c)    **Remix.** Por la producción, mezcla y masterización del fonograma en castellano y remix del fonograma "COCA COLA" pagará la cantidad de **USD$15,000.00 (Quince Mil Dólares 00/100 Moneda de Curso**

Confidential                                          TCCC00009959

**OCTAVA.- MISCELÁNEOS.** Las partes acuerdan que el presente acuerdo deja sin efectos el Contrato de Uso de Imagen de fecha 6 de diciembre de 2009.

**NOVENA.- IMPUESTOS.** Las partes convienen en que "COCA-COLA" y "UNIVERSAL" sean responsables cada una del pago de todos los impuestos, cargas, derechos, regalías, deducciones y cualquier otro pago si lo hubiere derivado de la firma y ejecución del presente contrato, que corresponda a cada una.

**DECIMA.- LEGISLACIÓN Y JURISDICCIÓN.** Ambas partes convienen en que para resolver cualquier controversia con motivo de la interpretación y/o incumplimiento del presente Contrato se someten a la legislación del Distrito Federal y jurisdicción de los tribunales componentes en la Ciudad de México, Distrito Federal, renunciado en forma expresa a la jurisdicción que pudiera corresponderles en razón de sus domicilios presentes o futuros.

Las partes, debidamente enteradas del contenido y alcance legal del presente Contrato, lo firman por cuadriplicado en la Ciudad de México, D.F., el 4 de **marzo** de **2010**, quedando dos ejemplares en poder de cada una de las partes.

Por COCA-COLA                                    Por UNIVERSAL

The Coca-Cola Export Corporation          Universal Music México, S.A. de C.V.
Sucursal en México.

Arturo Alvarado Hernández                    Víctor González Caballeros
Representante Legal                              Presidente para México y Centroamérica

Jesús Alejandro Ferreira                        Luis Aguilar Pimentel

Página 7 de 8

Confidential                                          TCCC00009960

Testigo                              Representante Legal

                                     Adrián Peregrino León
                                     Director de Nuevos Negocios

                                     Jose Puig
                                     General Manager Universal

                                     Ivonne Guerra Jasso
                                     Asuntos Legales

Confidential                                        TCCC00009961

PUIG EXHIBIT 3

## PRODUCTION AGREEMENT FOR "WAVING FLAG": FIFA-COCA COLA SPANGLISH VERSION

The following shall constitute an Agreement dated as of November 20th, 2009 ("Agreement") between Universal Music México, S.A. de C.V., Hegel No. 721, Col Bosque de Chapultepec, C.P. 11580, México, Distrito Federal ("Universal") and **UR Music** ("Company"), 5880 Collins Ave # 1201, Miami Beach, Florida 33140, for the personal services of **Rafael Vergara** ("Producer") in connection with records embodying the performances of the artists professionally known as **K'NAAN** and **DAVID BISBAL** ("Artist").

1.     **Engagement**: Universal engages Company and Company agrees to provide the personal services of production the master recording entitled "Wavin Flag" as recorded by Artist ('Master"). Company agrees that Producer shall render services such as: **(I) production, (ii) vocal edition, (iii) background vocals, (iv) mixing and (v) mastering** and Company shall cause the Producer to producer of the Master until a fully edited and equalized digital production master and two-track stereophonic tape master thereof, acceptable to Universal as technically satisfactory for the production of records, is made and delivered to Universal.

2.     **Ownership of Masters and Related Rights**: Universal shall have the exclusive, perpetual and worldwide ownership of the Master and all records manufactured therefrom; the right to use and control the same and the performances embodied therein; and the exclusive, perpetual and worldwide right to manufacture, advertise, sell, lease, license, synchronize with any medium, or otherwise use or dispose of the Master and records manufactured therefrom, including any assignment or disposal of its rights hereunder, in any field of use upon such terms and conditions as Universal may determine. Universal shall own all copyrights in the Master, which shall be considered as a work made for hire; and Universal shall have all rights of the owner of copyrights specified in 17 U.S.C. §106. Universal shall have the perpetual right to use and publish the name, likeness of, and biographical material concerning Producer for advertising and trade purposes. If the Master is determined not be such a "work made for hire," this Agreement will constitute Company's assignment to Universal of all rights therein and thereto, including, without limitation, all copyrights (and any and all renewals and extensions of such copyrights) therein and thereto. Universal (or Universal's designees) shall have the exclusive right to register the copyright to the Master in its name as the author and owner and to secure any and all renewals and extensions of such copyright throughout the Territory. Company will execute and deliver to Universal such instruments of transfer and other documents regarding the rights of Universal or its designees in the Masters subject to this Agreement as Universal may reasonably request to carry out the purposes of this Agreement, and Universal may sign such documents in Company's name (and Company hereby appoints Universal its agent and attorney-in-fact for such purposes) and make appropriate disposition of them consistent with this Agreement.



DEFENDANT'S EXHIBIT

3.    **Payment**:  As full compensation for the performance of Company's obligations and in full consideration for all rights in the Material granted by Company to Universal, Universal will pay to Company **US$6,000.00 (Six Thousand Dollars)** ("Production Fee"), promptly following the delivery to, and approval by, Universal of the Master as produced by Producer and all delivery materials reasonably required by Universal with respect thereto.  As full compensation for the performance of Company's obligations and in full consideration for all rights in the Material granted by Company to Universal, Universal shall pay Company a total of **US$6,000.00 (Six Thousand Dollars)** ("Production Fee").

The aforesaid Production Fee shall constitute a non-recoupable, one time, flat-fee payment and is in lieu of any advance, royalty or other payments to Company or to Producer in connection with his/her services as embodied in the Master.

4.    **Credit**:  [Intentionally Deleted]

5.    **Representations, Warranties and Indemnities**:  Company hereby represents, warrants and agrees that none of the Production hereunder, nor any other musical, dramatic, artistic and literary materials, ideas and other intellectual properties furnished or selected by Company and contained in or used in connection with any Production made hereunder, nor any authorized use thereof by Universal or its grantees, licensees or assigns, will violate or infringe upon the rights of any third party.  Company shall not "interpolate," "quote from," "sample," "borrow" or otherwise adapt, and embody in the Production, any music, words, sounds, spoken words, selections and/or sound recordings (including, without limitation, any sounds accompanying copyrighted audiovisual works) the copyrights in which are owned or controlled by third parties, without having first obtained the written consent of the applicable copyright proprietors.  The foregoing indemnity will not apply to the extent that any of the materials or property described above are embodied in the original Master prior to the rendering of Producer's services hereunder.

Company agrees to indemnify and hold Universal and its parent, affiliates, divisions, successors and assigns and the officers, directors, and employees of the foregoing harmless from and against any liability, damage, cost or expense (including costs and reasonable attorneys' fees) occasioned by or arising out of any breach or alleged breach of this Agreement or any claim, demand or action which is inconsistent with any warranty, representation, agreement or grant of rights made or assumed by Company hereunder, which claim, demand or action is reduced to final judgment or settled with Company's written consent.  Universal agrees to give Company notice of any claim, demand or action to which the foregoing indemnity applies, and Company may participate in the defense of same at Company's expense, through counsel of Company's choice; provided, that the final control and disposition of same (by settlement, compromise or otherwise) shall remain with

Rafael Vergara
Wavin Flag

2

Universal. Company agrees to pay Universal on demand any amount for which Company may be responsible under the foregoing indemnity. Company shall, at Universal's request, cooperate fully with Universal in any controversy which may arise with third parties or litigation which may be brought by third parties concerning this Agreement or any of Universal's rights hereunder.

6. **Notices**: All notices required to be given to Universal shall be sent to Universal at its address first mentioned herein to the attention of the Vice President, Business Affairs, and all notices to Producer shall be sent to Producer's address first mentioned herein, or such other address as each party respectively may hereafter designate in writing to the other. All notices sent under this Agreement shall be in writing and shall be sent by personal delivery, registered or certified mail (return receipt requested) or by overnight air express (or courier shipment if outside the United States) if such service actually provides proof of mailing, facsimile (with transmission report indicating receipt and copy concurrently sent by first class mail) and the day of mailing (or transmission in the case of facsimiles) of any such notice shall be deemed the date of the giving thereof (except notices of change of address, the date of which shall be the date of receipt by the receiving party).

7. **Complete Agreement**: This Agreement sets forth the entire agreement between the parties with respect to the subject matter hereof. No modification, amendment, waiver, termination or discharge of this Agreement shall be binding on Universal unless confirmed by a written instrument signed by an authorized officer of Universal. A waiver by Universal of any term or condition of this Agreement in any instance shall not be deemed or construed as a waiver of such term or condition for the future, or of any subsequent breach thereof. All of Universal's rights and remedies in this Agreement shall be cumulative and none of them shall be in limitation of any other rights or remedies available to Universal. Should any provision of this Agreement be adjudicated by a court of competent jurisdiction as void, invalid or inoperative, such decision shall not affect any other provision hereof, and the remainder of this Agreement shall be effective as though such void, invalid or inoperative provision had not been contained hereon.

8. **Choice of Law**: The validity, construction, breach, performance and operation of this Agreement shall be governed by the law of the State of California applicable to contracts made and to be performed in the State of California.

**IN WITNESS WHEREOF**, the undersigned has executed this Production Agreement as of the date set forth above.

/Rafael Vergara
Wavin Flag

3

**Universal Music México, S.A. de C.V.**

**UR MUSIC**
Rafael Vergara

By:_____
     Luis Aguilar Pimentel

By:_____
     Rafael Vergara
     Federal I.D. #:

Rafael Vergara
Wavin Flag

4

## PRODUCER'S DECLARATION

I, the undersigned, declare that I have read and understand the agreement between Universal Music Mexico, S.A. de C.V. ("Universal") and UR Music ("Company") for my personal services as a Producer (the "Production Agreement").

For the express and direct benefit of Universal, I hereby:

A.    Join in the representations and warranties made in the Production Agreement as respects my employment contract with Company. I agree to perform all the terms and provisions of my said employment contract and of the Production Agreement which relate to my phonograph record endeavors and the use to be made of the results and proceeds of such endeavors. I grant to Universal the perpetual right to use and publish and to permit others to use and publish my name, signature, likeness, and biographical material concerning me for advertising and trade purposes in connection with the sale and exploitation of masters and records manufactured from masters recorded pursuant to the Agreement, or to refrain therefrom. I agree that if the Production Agreement is inconsistent with my employment contract, the obligations of the former shall supersede those of the latter.

B.    Acknowledge that the rights, privileges, benefits and remedies granted to Company in my employment contract with Company shall, at Universal's election, be deemed to be granted to Universal in the Production Agreement, and I agree that if Universal does so elect, they may be enforced against me directly by Universal in Universal's own name and in its own behalf in any court of competent jurisdiction whether or not Company is a party to the litigation.

C.    Agree to look solely to Company for the payment of my fees and will not assert any claim in this regard against Universal or attempt to prevent the manufacture, sale or distribution of phonograph records manufactured from Universal masters produced under the terms and conditions of the Production Agreement.

D.    Acknowledge and agree that each master recorded under the Production Agreement embodying the results and proceeds of my services (i) is prepared within the scope of Company's engagement of my personal services and is a work made for hire, or (ii) is prepared as part of an LP-Master which constitutes a work specially ordered by Universal for use as a contribution to a collective work and shall be considered a work made for hire. I further acknowledge that Universal is the exclusive owner of copyright with respect to each such master and any "sound recording" or "phonorecord" or "copy" manufactured therefrom (individually and collectively called the "Work"), and that Universal has the right to exercise all

Rafael Vergara
Wavin Flag

5

rights of the copyright proprietor with respect thereto, including, but not limited to: all exclusive rights specified in 17 U.S.C. §106 and the exclusive right to register copyright in the name of Universal.

E.    Notwithstanding the provisions of Paragraph D. above, I agree that to the extent, if any, that I may be deemed an "author" of any Work, I hereby grant and assign to Universal, exclusively, perpetually and throughout the universe, all exclusive right, title and interest in and to such Work, including, but not limited to, all exclusive rights of the copyright owner as specified in 17 U.S.C. §106. I hereby grant to Universal a power of attorney irrevocable and coupled with an interest to execute for me and in my name, all documents and instruments necessary or appropriate to effectuate the intents and purposes of this Paragraph E. and to accomplish, evidence and perfect the rights granted to Universal pursuant to this Paragraph E., including but not limited to documents to apply for and obtain all registration of copyrights in and to any such Work, and documents to assign such copyrights to Universal.

_____
Rafael Vergara

Rafael Vergara
Wavin Flag

6

PUIG EXHIBIT 4

RAFAEL VER....pdf (32.0 KB)

## LYRIC TRANSLATION WORK FOR HIRE AGREEMENT

### LYRIC TRANSLATION

I, Rafael Vergara, hereby certify that as an employee-for-hire of Universal Music México, S.A. de C.V., I have been engaged to create a Spanish lyric, per copy attached ("Translation"), for the musical composition Wavin' Flag Coca – Cola Celebration Mix by K'NAAN with the consent and permission of K'NAAN, the copyright owner of said composition, and that the Translation shall be a work made for hire of Universal Music México, S.A. de C.V. who, as proprietor of the copyright in a work made for hire is the author and owner of the copyright in all renewals and extensions thereof and all other rights of every kind and character in and to said Translation free from of any royalty and with a payment of the amount of US$1.00 (One 00/100 American Dollar) or further compensation whatsoever and without participation in any earnings or credits therefore including public performances credits and fees. It is understood that on all uses of and references to said lyric, including record labels and record &/music liners, I am not to receive writer credit.

Dated:    June 12, 2009.


By: _____
Rafael Vergara



PUIG EXHIBIT 5

| | |
|---|---|
| From: | "Puig, Jose" <Jose.Puig@umusic.com> |
| Subject: | RE: RV: DOCUMENTOS RAFA VERGARA |
| Date: | March 8,20102:19:41 PM EST |
| To: | Rafa Vergara <rafa@rafavergara.com> |

Rafa, I did not review the contracts. I will review them with the attorney right away and make any necessary changes.
I'm sorry
Jose

From: Rafa Vergara [mailto:rafa@rafavergara.com]
Sent: Monday, March 08, 2010 01:02 PM
To: Puig, Jose; ja@reygadas.com
Subject: Re: RV: RAFA VERGARA'S DOCUMENTS

Dear Jose:
I appreciate your sending me the contracts. However, my proposal was clear and it was just that, a proposal, since you requested my help because you knew things had not been done right. My only request regarding said proposal was a series of things that are not included in what you sent me. Moreover, nothing of what I proposed to you is included in the contracts.

I want you to know I'm very upset and rather dissapointed, because my proposal was based more on our friendship than anything else, and what I got does not honor the agreements.

Taking into account the above, I hereby inform you that the proposal of last Friday from which the contracts would supposedly derive is revoked as of now and without effect; I do not know if it was a careless mistake on your part or if it was done on purpose, but the contracts that you sent me with such urgency do not contain anything of what we talked about.

I'm very sorry about all this, but the situation is already out of my hands and under the control of people who will contact you because my song is being improperly used for commercial purposes and I have never authorized such use.

Regards



From: "Puig, Jose" <Jose.Puig@umusic.com>
RE: RV: DOCUMENTOS RAFA VERGARA
March 8, 2010 2:19:41 PM EST
Rafa Vergara <rafa@rafavergara.com>

Rafa, no revise los contratos. Lo reviso ahora mismo con la abogada y hago las modificaciones oportunas.

Disculpas
Jose

De: Rafa Vergara [mailto:rafa@rafavergara.com]
Enviado el: Lunes, 08 de Marzo de 2010 01:02 p.m.
Para: Puig, Jose; ja@reynadas.com
Asunto: Re: RV: DOCUMENTOS RAFA VERGARA

Estimado José:

Agradezco el envío de los contratos que me mandaste. Sin embargo mi propuesta fue clara y fue solo eso, una propuesta ya que me pediste que te apoyara pues sabias que habían hecho mal las cosas. En esa propuesta solo te pedi una serie de cosas que no están incluidas en lo que tu me enviaste. Es mas, nada de lo que te propuse para ayudarte esta en los contratos.

Quiero que sepas que me siento muy molesto y de alguna manera decepcionado, ya que mi propuesta se baso mas en una amistad que otra cosa, y lo que recibí no refleja lo acordado.

Por lo anterior, te informó que la propuesta que te hiciera el viernes pasado de la cual supuestamente se derivarían los contratos, queda en este momento sin efecto y revoco la misma, ya que no se si fue un descuido de vuestra parte o a propósito, pero los contratos que me enviaste con tanta urgencia no contienen nada de lo que hablamos.

Me da mucha pena esta situación, pero la misma ya esta en manos de terceros quienes se pondrán en contacto con ustedes directamente pues se está haciendo el uso indebido de mi canción con fines comerciales y nunca se autorizo tal uso.

Saludos

ment 22-6   Entered on FLSD Docket 05/21/2010   Page 3 of 3



ISION

TRANSLATING SERVICES INC.

716 S.W. 73RD AVENUE
MIAMI, FLORIDA 33144
TEL. 305 3734 7874 FAX 305 7874
TOLL FREE: 1 (888) 304 7874
E-MAIL: info@pretran.com

Certificate of Accuracy



State of Florida)
) SS
County of Dade)

Karen Cabrera swears, deposes and states that he/she is fully qualified to translate in the Spanish and
English languages, and that he/she has certified and verified that the attached, to the best of his/her ability
and belief, is a true and correct translation of the foregoing document, as engaged to this effect by and on
behalf of Precision Translating Services, Inc.



_____
Karen Cabrera

Sworn to and subscribed by Karen Cabrera on this __19__ day of ___MAY___, _2010_, in
Miami, Dade County, Florida.

My commission expires:

Mauricio De La Vega
COMMISSION # DD843477
EXPIRES DEC. 07, 2012
WWW.AARONNOTARY.com

_____
Notary Public State of Florida at Large

The utmost care has been taken to ensure the accuracy of all translations. Precision Translating
Services, Inc. and its employees shall not be liable for any damages due to its own negligence or
errors in typing or translation, nor shall it be liable for the negligence of third parties.

KAPZEE-JS_100518.04_4 of 4

PUIG EXHIBIT 6



DEFENDANT'S
EXHIBIT
7 7a

DOES IT REALLY MATTE...
(K.Warsame/C. Schack/K. Karlin)
© 2008 Published by Gain Weight Inc (SOCAN) / Sony / ATV Music Publishing Canada (SOCAN) / Pot of Soul Music / EMI Blackwood (BMI) Soulvang Music / EMI Blackwood (BMI) Sony/ATV Music Publishing Canada (SOCAN)/OctoScope Publishing.
Produced and arranged by Soulshock & Karlin for Soulpower Productions Inc. Mixed by Manny Marroquin at Larrabee North Studios, Los Angeles. Engineered by Christian Plata and Erik Madrid. Recorded at Soulpower Productions Studio, Los Angeles. Mastered by Dave McNair at Masterdisk, NYC. Lead Vocals: K'NAAN. Keyboards: Soulshock & Karlin. Bass: Soulshock & Karlin. Programming: Soulshock & Karlin.

WAVIN' FLAG - COCA-COLA® ...LEBRATION MIX
(K.Warsame, B. Mars, P. Lawrence)
© 2009 Published by Gain Weight Inc (SOCAN) / Sony/ATV Music Publishing Canada (SOCAN) / Bug/Windswept (EMI) / April-Mel LLC o/b/o Roc Cor Publishing & Music Famamanem LLC (ASCAP)
Produced by The Smeezingtons. Mixed ........ Mastered by Dave McNair @ Sterling Sound.

WAVIN' FLAG - COCA-COLA® SPANISH CELEBRATION MIX FEATURING DAVID BISBAL  (bonus)
(K.Warsame, B. Mars, P. Lawrence)
© 2009 Published by Gain Weight Inc (SOCAN) / Sony /ATV Music Publishing Canada (SOCAN) / Bug/Windswept (EMI) / April Music LLC o/b/o Roc Cor Publishing & Music Famamanem LLC (ASCAP)
Produced by The Smeezingtons. Mixed by Phil Tan. Mastered by Dave McNair @ Sterling Sound.
David Bisbal vocals and voice arrangements were mixed and spanish lyrics adapted by Rafael Vergara. David Bisbal appears courtesy of Vale Music/Universal Music Spain.

PUIG EXHIBIT 7

**Yates, Brian M.**

From:     Artero, Rafael
Sent:     Tuesday, December 08, 2009 3:14 PM
To:       Gamsby, Ryan; Puig, Jose; Robinson, Don; Peregrino, Adrian
Cc:       Goldberg, Jonathan
Subject:  RE: David Bisbal - Waving Flag

Sorry Ryan, same Rafael, Rafael Vergara.

From: Gamsby, Ryan
Sent: Tuesday, December 08, 2009 6:13 PM
To: Artero, Rafael; Puig, Jose; Robinson, Don; Peregrino, Adrian
Cc: Goldberg, Jonathan
Subject: RE: David Bisbal - Waving Flag

So both Rafael Vergara and Rafael Cervera get adaption credits?


Ryan Gamsby
Universal Music Group
AEC Senior Production Manager - Geffen, Hollywood Records, Nashville, & Walt Disney Records
(310) 865-7817 (Office)
(310) 865-6614 (Fax)
http://www.umldigitalops.com/


From: Artero, Rafael
Sent: Tuesday, December 08, 2009 3:11 PM
To: Puig, Jose; Gamsby, Ryan; Robinson, Don; Peregrino, Adrian
Cc: Goldberg, Jonathan
Subject: Re: David Bisbal - Waving Flag

Dear Ryan,

Rafael Vergara should appears also as mixer, vocals, voice arregemnts and lyricist adaptor.

Thanks, my best, Rafa Artero.


From: Puig, Jose
To: Gamsby, Ryan; Robinson, Don; Peregrino, Adrian
Cc: Goldberg, Jonathan; Artero, Rafael
Sent: Tue Dec 08 23:07:58 2009
Subject: Re: David Bisbal - Waving Flag

Credits should also read: spanish lurycs adapted by Rafael Cervera.

Thanks
Jose


De: Gamsby, Ryan
Para: Robinson, Don; Peregrino, Adrian; Puig, Jose
CC: Goldberg, Jonathan
Enviado: Tue Dec 08 22:57:25 2009
Asunto: RE: David Bisbal - Waving Flag

Don,
Would you like me to call it the "Spanish Version" and is David Bisbal a "Featured" artist? Also, do you

JP00097

11/17/2010

have any other relevant credits?

Jose / Adrian,
Once Don answers my questions above, I'll assign the ISRC and then you will need to place a digital UPC request on www.umg-partsorder.com.

RG

--
Ryan Gamsby
Universal Music Group
AEC Senior Production Manager - Geffen, Hollywood Records. Nashville, & Walt Disney Records
(310) 865-7817 (Office)
(310) 865-6614 (Fax)
http://www.umidigitalops.com/

**From:** Robinson, Don
**Sent:** Tuesday, December 08, 2009 2:48 PM
**To:** Gamsby, Ryan
**Subject:** FW: David Bisbal - Waving Flag

Can we assign

**From:** Puig, Jose
**Sent:** Tuesday, December 08, 2009 1:53 PM
**To:** Robinson, Don
**Cc:** Gonzalez, Victor; Peregrino, Adrian
**Subject:** RV: David Bisbal - Waving Flag

Don, I think I already sent it to you... Just in case. Will you take care it is digitilize and upc asigned so we can sell it as soon as cocacola starts airing it?

**De:** Feria, Isabel
**Para:** Puig, Jose
**Enviado:** Tue Dec 08 14:57:53 2009
**Asunto:** FW: David Bisbal - Waving Flag

UNIVERSAL MUSIC GROUP  eFolio

Open eFolio →


WavingFlagSpanglishVersionDuetR3.zip

Expires: 12/11/2009 14:45:45 GMT.

JP000098

Having trouble accessing the eFolio? Try the following URL:
11/17/2010

https://contentstudio.warnnet.com/cgi-bin/cs/mvsrch_front?KEY=QQQ0lhKf1nZwFcplD/Kbzueim'kwHNYvHp4CJbs9Rbl3%2BCwt93Zp1yqzaqU7Wgf118iBbtxSn%2BUo%3D

JP000099

11/17/2010